IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES A. BONNER,

      Plaintiff,

  v.

SELECT PORTFOLIO SERVICING, INC., et al.,

      Defendants.

_____/

No. 10-00609 CW

ORDER GRANTING
DEFENDANTS SELECT
PORTFOLIO
SERVICING, INC.;
TIMOTHY J.
O'BRIEN; JASON H.
MILLER; AND
MATTHEW L.
HOLLINGSWORTH'S
MOTION TO DISMISS
AND DENYING AS
MOOT DEFENDANTS
SELECT PORTFOLIO
SERVICING, INC.;
TIMOTHY J.
O'BRIEN; JASON H.
MILLER; AND
MATTHEW L.
HOLLINGSWORTH'S
SECOND MOTION TO
DISMISS (Docket
Nos. 4 and 19)

    Plaintiff Charles A. Bonner brings twenty-one claims against

Defendants Select Portfolio Servicing, Inc.; Timothy J. O'Brien;

Bryan M. Marshall; Jason H. Miller; Matthew L. Hollingsworth;

Encore Credit Corp; and Option One Mortgage Corp. for their alleged

conduct related to a loan he obtained.  Defendants Select

Portfolio, O'Brien, Miller and Hollingsworth (collectively, Select

Portfolio) move to dismiss Plaintiff's complaint.  Defendants

Marshall, Encore Credit and Option One Mortgage do not appear to

have been served and have not answered Plaintiff's complaint.

Plaintiff opposes the motion.  The motion was taken under

submission on the papers.  On July 21, 2010, Select Portfolio filed

United States District Court
For the Northern District of California

a second motion to dismiss Plaintiff's complaint.  Having

considered all the papers submitted by the parties, the Court

GRANTS Select Portfolio's first motion and dismisses Plaintiff's

claims against Select Portfolio, O'Brien, Miller and Hollingsworth.

The Court grants leave to amend.  Because the Court grants Select

Portfolio's first motion to dismiss, their second motion to

dismiss, which is directed at the same complaint, is DENIED as

moot.

BACKGROUND

On December 5, 2005, Plaintiff obtained a $900,000 loan from

Defendant Encore Credit for property located at 146-148 Buchanan

Court in Sausalito, California.  Select Portfolio's Request for

Judicial Notice (RJN),[1] Ex. A.  The deed of trust associated with

this loan, recorded on December 9, 2005, named Fidelity National

Title Insurance Company as trustee and Mortgage Electronic

Registration Systems, Inc. (MERS) as beneficiary.  RJN, Ex. A at 2.

On January 21, 2009, a Notice of Default and Election To Sell

under Deed of Trust was recorded based on the December, 2005 deed.

The notice indicated that Plaintiff had defaulted on his payment

obligations and warned that his property could be sold three months

after the date of the notice.  RJN, Ex. B at 1.  At that time,

Plaintiff was past due in the amount of $38,599.07.  RJN, Ex. B at

1.

---

[1] Select Portfolio requests judicial notice of documents filed
in the official records of the County of Marin.  Plaintiff does not
oppose the request.  Because the documents contain facts "capable
of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned," the Court grants Select
Portfolio's request.  Fed. R. Evid. 201(b).

United States District Court
For the Northern District of California

On February 24, 2009, Select Portfolio sought the recording of a notice of "Corporate Assignment of Deed of Trust," which indicated that MERS had assigned its beneficial interest in the deed of trust to U.S. Bank.  RJN, Ex. C.  A Notice of Trustee's Sale was then recorded on April 22, 2009, stating that Plaintiff's property would be sold on May 13, 2009.  RJN, Ex. D.  U.S. Bank purchased the property and acquired title to it on June 16, 2009. RJN, Ex. E.

Plaintiff's complaint contains general allegations concerning the residential mortgage industry and Select Portfolio.  He alleges that he provided "proof of payment on the deed of trust," but Select Portfolio nevertheless "refused to reinstate the title" to his property.  Compl. ¶ 22.  He also avers that Select Portfolio foreclosed on his property, even though it lacked "the right to do so" and knew that he did not have the "knowledge and means to contest" the foreclosure.  Compl. ¶ 26.  He pleads that Select Portfolio was not in possession of his mortgage note at the time of foreclosure.  According to Plaintiff, Defendants O'Brien, Marshall, Miller and Hollingsworth are officers of Select Portfolio.[2]

Against all Defendants, Plaintiff brings twenty-one causes of action: (1) violations of the Home Ownership Equity Protection Act (HOEPA); (2) violations of the Real Estate Settlement Procedures Act (RESPA); (3) violations of the Truth-in-Lending Act (TILA);

---

[2] In his complaint, Plaintiff alleges that, as officers of Select Portfolio, Defendants Miller and Hollingsworth "directed, authorized, and ratified, the illegal conduct of AM CAL . . . ." Compl. ¶¶ 7-8. AM CAL is not named as a Defendant and it is not clear what role it played in Plaintiff's loan.

3

**United States District Court**
For the Northern District of California

1   (4) violations of the Fair Credit Reporting Act (FCRA);

2   (5) fraudulent misrepresentation; (6) breach of fiduciary duty;

3   (7) unjust enrichment; (8) civil conspiracy; (9) civil RICO; (10) a

4   request to "set aside illegal trustee sales;" (11) quiet title;

5   (12) violation of California Business and Professions Code § 17200;

6   (13) wrongful foreclosure; (14) usury; (15) predatory lending;

7   (16) unfair debt collection practices; (17) slander of title;

8   (18) invasion of privacy; (19) "intentional infliction of emotion

9   distress;" (20) trespass; and (21) conversion.

10      Plaintiff's complaint appears similar to the one he filed in

11  Bonner v. Redwood Mortgage Corporation, No. 10-0479 WHA (N.D.

12  Cal.).  In that case, the court dismissed Plaintiff's sixteen

13  claims and required him to seek leave to amend his complaint.

14  Bonner, 2010 WL 1267069, at *11.  Plaintiff did not do so.

15      The complaint also bears some resemblance to that filed in

16  Jacob v. Aurora Loan Services, No. 10-1789 SC (N.D. Cal.), which

17  was filed on behalf of that plaintiff by Plaintiff's law firm.

18                          LEGAL STANDARD

19      A complaint must contain a "short and plain statement of the

20  claim showing that the pleader is entitled to relief."  Fed. R.

21  Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a

22  claim is appropriate only when the complaint does not give the

23  defendant fair notice of a legally cognizable claim and the grounds

24  on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

25  (2007).  In considering whether the complaint is sufficient to

26  state a claim, the court will take all material allegations as true

27  and construe them in the light most favorable to the plaintiff.  NL

28                                  4

Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
However, this principle is inapplicable to legal conclusions;
"threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements," are not taken as true.
Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)
(citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally
required to grant the plaintiff leave to amend, even if no request
to amend the pleading was made, unless amendment would be futile.
Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
would be futile, the court examines whether the complaint could be
amended to cure the defect requiring dismissal "without
contradicting any of the allegations of [the] original complaint."
Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).
Leave to amend should be liberally granted, but an amended
complaint cannot allege facts inconsistent with the challenged
pleading.  Id. at 296-97.

                           DISCUSSION

Plaintiff concedes that his complaint is "general in nature,"
but he nevertheless maintains that it satisfies the requirements of
Federal Rule of Civil Procedure 8.  Opp'n at 1.  He cites Conley v.
Gibson, 355 U.S. 41 (1957), and other cases that predate the
Supreme Court's recent clarification of the Rule 8 pleading
standard.

As noted above, conclusory short and plain statements are not
sufficient to support a plaintiff's claims on a motion to dismiss.

United States District Court
For the Northern District of California

5

<u>Iqbal</u>, 129 S. Ct. at 1949-50.  Plaintiff must offer factual allegations that, if taken as true, demonstrate his entitlement to relief.  Furthermore, in evaluating his claims, the Court considers the documents proffered by Select Portfolio, which contain undisputed facts concerning Plaintiff's loan and the foreclosure of his property.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

Also, Plaintiff has alleged several fraud-based claims.  As discussed in further detail below, these claims trigger the heightened pleading requirements of Rule 9(b); short and plain statements do not suffice.

I.    HOEPA and TILA Claims

Plaintiff asserts that Select Portfolio failed to disclose information concerning his loan as required by HOEPA and TILA.  He seeks rescission of his loan and statutory damages.

HOEPA and TILA are part of the same statutory scheme and share the same limitations periods.  <u>See, e.g.</u>, <u>Runaj v. Wells Fargo Bank</u>, 667 F. Supp. 2d 1199, 1208 (S.D. Cal. 2009); <u>Rendon v. Countrywide Home Loans</u>, 2009 WL 3126400, *9 (E.D. Cal.) ("HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA.") (citing <u>Kemezis v. Matthew</u>, 2008 WL 2468377, *3 (E.D. Pa.)).  Claims for rescission are subject to a three-year statute of limitations, 15 U.S.C. § 1635(f), whereas those for damages must be brought within one year from the date loan documents are signed, <u>Meyer v. Ameriquest Mortgage Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (citing 15 U.S.C. § 1640(a),(e)).  Plaintiff executed his loan on December

6

5, 2005.  Thus, on their face, his claims for rescission and damages under HOEPA and TILA are untimely.

Plaintiff asserts that the limitations periods should be equitably tolled based on his allegations of fraud.  Equitable tolling cannot apply to Plaintiff's claim for rescission.  Section "1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miquel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002); see also Beach v. Ocwen Federal Bank, 523 U.S. 410, 417 (1998).  There is "no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." Beach, 523 U.S. at 419.  Thus, the Court lacks subject matter jurisdiction over Plaintiff's claim for rescission and cannot equitably toll the limitations period.[3]

Although his damages claims are susceptible to equitable tolling, Plaintiff does not plead facts that entitle him to application of the doctrine.  Plaintiff's general allegations concerning "DEFENDANTS and LENDERS," Compl. ¶¶ 40-42, do not explain how Plaintiff was prevented from discovering, in the exercise of reasonable diligence, the information necessary to bring his damages claims within the one-year limitations period. See, e.g., Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (rejecting equitable tolling at pleading stage

---

[3] Plaintiff's property has already been sold.  Thus, even if he had brought suit within the limitations period, Plaintiff would not have a right to rescind under HOEPA or TILA.  See 15 U.S.C. § 1635(f).

7

United States District Court
For the Northern District of California

when "plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence") (citing Meyer).  Equitable tolling is not warranted for Plaintiff's damages claims.

Even if the limitations period were tolled, Plaintiff has not alleged facts indicating that Select Portfolio is a "creditor" that could be liable for the claims he brings.  See 15 U.S.C. §§ 1605 and 1639.  For the purposes of HOEPA and TILA, a "creditor" is a person "who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . ."  Id. § 1602(f); see also 12 C.F.R. § 226.2(a)(17)(i).  Plaintiff's loan documents name Defendant Encore Credit as the lender, not Select Portfolio.  Although assignees of an original creditor could be held liable, Plaintiff has not alleged facts that suggest Select Portfolio is such an assignee.  See 15 U.S.C. § 1641(d)(1).

Accordingly, Plaintiff's claims for rescission under HOEPA and TILA are dismissed with prejudice because they are untimely. Plaintiff's damages claims under HOEPA and TILA are dismissed with leave to amend to allege facts that support equitable tolling and to plead facts that show Select Portfolio is a "creditor" or qualifying assignee under these statutes.

II.   RESPA Claim

8

United States District Court
For the Northern District of California

Plaintiff asserts a claim under 12 U.S.C. § 2607 against Select Portfolio, alleging that it "accepted charges for the rendering of real estate services, which were in fact charges for other than services actually performed." Compl. ¶ 72. Claims under RESPA are subject to a one-year statute of limitations. See 12 U.S.C. § 2614. Although Plaintiff claims that he is entitled to equitable tolling, this argument fails for the same reason stated above. Further, Plaintiff has not alleged facts to suggest that Select Portfolio rendered any "settlement service" for which it could be held liable. See 12 U.S.C. §§ 2602(3) and 2607.

Accordingly, Plaintiff's RESPA claim against Select Portfolio is dismissed with leave to amend to plead facts that support equitable tolling and that suggest Select Portfolio offered a "settlement service" as defined by 12 U.S.C. § 2602(3).

III. FCRA Claim

Plaintiff appears to bring a claim under 15 U.S.C. § 1681o,[4] which provides that any "person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." Plaintiff contends that Select Portfolio "wrongfully, improperly, and illegally reported negative information" about him "to one or more Credit Reporting Agencies . . . ." Compl. ¶ 79. However, he has not plead facts explaining the nature of this information, how it was negative and how it caused him injury. Nor has he made

---

[4] Plaintiff also pleads that "15 U.S.C. Sec. 1681(s)(2)(b)" affords him a private right of action. This section does not exist, and the Court cannot determine the statute to which Plaintiff intends to refer.

factual allegations to show how Select Portfolio negligently failed

to comply with the FCRA.  The Court accordingly dismisses this

claim with leave to amend to plead a factual basis.

IV.  Fraudulent Misrepresentation Claim

Plaintiff pleads that Select Portfolio failed to disclose

information, which constituted fraud under California law.  To

state a claim for fraud, a plaintiff must plead

"'(a) misrepresentation; (b) knowledge of falsity (or

scienter); (c) intent to defraud, i.e., to induce reliance;

(d) justifiable reliance; and (e) resulting damage.'"  In re

Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096 (9th Cir. 2007)

(quoting Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003));

see generally Cal. Civ. Code §§ 1709-10.  Averments concerning

fraud "shall be stated with particularity."  Fed. R. Civ. Proc.

9(b).  The allegations must be "specific enough to give defendants

notice of the particular misconduct which is alleged to constitute

the fraud charged so that they can defend against the charge and

not just deny that they have done anything wrong."  Semegen v.

Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  Statements of the

time, place and nature of the alleged fraudulent activities are

sufficient, id. at 735, provided the plaintiff sets forth "what is

false or misleading about a statement, and why it is false."  In re

GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

Scienter may be averred generally, simply by saying that it

existed.  Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice,

intent, knowledge, and other condition of mind of a person may be

averred generally.").  Allegations of fraud based on information

10

and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff alleges two instances of fraud against Select Portfolio. First, he avers that Select Portfolio fraudulently misrepresented that it would restore title in his name after he provided proof of payment on the deed of trust. However, he has not alleged facts concerning how this fraud was perpetrated. He broadly asserts these allegations against "DEFENDANT SELECT PORTFOLIO SERVICING and LENDERS," but does not plead which employees of Select Portfolio actually effectuated the fraud. Compl. ¶ 22. Nor does he allege the time and place of this alleged fraud. Plaintiff's general allegations do not satisfy the requirements of Rule 9(b).

Second, Plaintiff alleges that Select Portfolio failed to advise him of "any material facts affecting the terms and conditions of the loans and [his] ability to pay the loan in full." Compl. ¶ 38. However, he has not alleged that Select Portfolio was even involved in the origination of his loan; as noted above, Defendant Encore Credit was Plaintiff's lender. Even if Select Portfolio was somehow involved, Plaintiff does not identify the time, place and manner of this alleged fraud. Furthermore, the documents provided by Select Portfolio suggest that Plaintiff received information concerning the terms of his loan. <u>See</u>

United States District Court
For the Northern District of California

generally RJN, Ex. A.  Plaintiff does not plead how a fraud was perpetrated, notwithstanding the disclosures contained in these documents.

Plaintiff's fraudulent misrepresentation claim is therefore dismissed with leave to amend.  Plaintiff must allege facts identifying the time, place and manner of the alleged fraud. Furthermore, to the extent Plaintiff rests his fraud claim on omissions concerning his loan's terms, he must alleged that Select Portfolio was involved in the origination of his loan and plead how the alleged non-disclosures constituted a fraud, notwithstanding the information contained in his loan documents.

V.    Claim for Breach of Fiduciary Duty

"A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) (internal quotations and citations omitted). Generally, a financial institution does not owe a borrower a duty of care.  Nymark v. Heart Fed. Sav. & Loan Ass'n, 213 Cal. App. 3d 1089, 1095-96 (1991).

Plaintiff argues that Select Portfolio was his fiduciary because it contracted "to provide mortgage loan services and a loan program" to him.  Compl. ¶ 90.  This is not sufficient to create a fiduciary relationship under California law.  Accordingly, Plaintiff's breach of fiduciary duty claim is dismissed with leave to amend to plead facts suggesting the existence of a fiduciary relationship.

12

**United States District Court**
For the Northern District of California

VI.   Unjust Enrichment

California courts appear to be split as to whether there is an independent cause of action for unjust enrichment.  <u>Baggett v. Hewlett-Packard Co.</u>, 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2007) (applying California law).  One view is that unjust enrichment is not a cause of action, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. <u>McBride v. Boughton</u>, 123 Cal. App. 4th 379, 387 (2004).  In <u>McBride</u>, the court construed a "purported" unjust enrichment claim as a cause of action seeking restitution.  <u>Id.</u>  There are at least two potential bases for a cause of action seeking restitution: (1) an alternative to breach of contract damages when the parties had a contract which was procured by fraud or is unenforceable for some reason; and (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct and the plaintiff chooses not to sue in tort but to seek restitution on a quasi-contract theory.  <u>Id.</u> at 388.  In the latter case, the law implies a contract, or quasi-contract, without regard to the parties' intent, to avoid unjust enrichment.  <u>Id.</u>

Another view is that a cause of action for unjust enrichment exists and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another.  <u>Lectrodryer v. SeoulBank</u>, 77 Cal. App. 4th 723, 726 (2000); <u>First Nationwide Sav. v. Perry</u>, 11 Cal. App. 4th 1657, 1662-63 (1992).

Plaintiff has failed to state a basis for a restitutionary remedy.  He alleges that he had an "implied contract" with Select Portfolio "to ensure that [he] understood all fees which would be

13

**United States District Court**
For the Northern District of California

paid . . . and to not charge any fees not related to the settlement
of the loans and without full disclosure . . . ." Compl. ¶ 95.
However, he has not plead facts to show how such an implied
contract arose. And, as with his RESPA claims, Plaintiff has not
alleged facts that tend to show Select Portfolio was involved in
any settlement activities related to his loan or collected any fees
from him. Accordingly, Plaintiff's unjust enrichment claim is
dismissed with leave to amend to plead facts supporting a claim
upon which a restitutionary remedy could be based.

VII. Civil Conspiracy

Civil conspiracy "is not a cause of action, but a legal
doctrine that imposes liability on persons who, although not
actually committing a tort themselves, share with the immediate
tortfeasors a common plan or design in its perpetration." Applied
Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510
(1994) (citing Wyatt v. Union Mortg. Co., 24 Cal. 3d 773, 784
(1979)). "Standing alone, a conspiracy does no harm and engenders
no tort liability. It must be activated by the commission of an
actual tort." Applied Equip. Corp., 7 Cal. 4th at 511. "The
elements of an action for civil conspiracy are (1) formation and
operation of the conspiracy and (2) damage resulting to plaintiff
(3) from a wrongful act done in furtherance of the common design."
Rusheen v. Cohen, 37 Cal. 4th 1048, 1062 (2006) (citing Doctors'
Co. v. Superior Court, 49 Cal. 3d 39, 44 (1989))

Here, Plaintiff has not stated a cause of action on which
conspiratorial liability could be based. Even if he had, Plaintiff
has not plead facts to show the formation and operation of a

14

conspiracy. Id. Plaintiff's recitation of the elements of civil conspiracy is not sufficient to sustain this theory of liability.

Accordingly, Plaintiff's civil conspiracy claim is dismissed with leave to amend to state a claim on which conspiratorial liability could be based and to plead facts showing the formation and operation of a conspiracy.

VIII. Civil RICO Claim

To state a claim for relief in a private RICO action, Plaintiff must allege four essential elements: (1) a pattern of racketeering activity, (2) the existence of an enterprise engaged in or affecting interstate or foreign commerce, (3) a nexus between the pattern of racketeering activity and the enterprise and (4) an injury to its business or property by reason of the above. Sedima S.P.R.L. v. Imrex Co., Inc. et al., 473 U.S. 479 (1985).

The racketeering activities upon which Plaintiff appears to rely are the federal offenses of mail fraud and wire fraud. "A wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2008) (internal quotation marks omitted); 18 U.S.C. § 1343. The elements of mail fraud differ only in that they involve the use of the United States mails rather than wires. See 18 U.S.C. § 1341. All such allegations must be plead with particularity. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).

Plaintiff's RICO claim fails for several reasons. The claim

United States District Court
For the Northern District of California

15

United States District Court
For the Northern District of California

rests on his allegations of fraud, which as noted above, are not sufficiently plead. Indeed, Plaintiff does not identify which deceptive statements were made by mail or by wire. Further, he fails to allege a pattern of fraudulent activity. A pattern can be shown through either closed- or open-ended continuity. Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004). To allege closed-ended continuity, a plaintiff must aver a "series of related predicates" that extends "over a substantial period of time" and threatens future criminal conduct. Id. (citing Howard v. Am. Online, Inc., 208 F.3d 741, 750 (9th Cir. 2000)) (editing marks omitted). To plead open-ended continuity, a plaintiff "must charge a form of predicate misconduct that 'by its nature projects into the future with a threat of repetition.'" Turner, 362 F.3d at 1229 (quoting Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 366 (9th Cir. 1992)). Plaintiff's allegations do not support either theory of continuity.

Plaintiff recites the remaining elements of a RICO claim, asserting that Select Portfolio is a RICO person[5] and part of a RICO enterprise. However, the mere recitation of these elements, as noted above, is not sufficient to state a claim.

Accordingly, Plaintiff's RICO claim is dismissed with leave to amend. Plaintiff must adequately allege facts that tend to show a cognizable pattern of racketeering activity, the existence of an enterprise, a nexus between the racketeering activity and the

---

[5] Inexplicably, Plaintiff pleads that Select Portfolio is a person "as defined by ORC Sec. 2923.31(G)," Compl. ¶ 105, apparently referring to Ohio Rev. Code Ann. § 2923.31(G).

enterprise and injury.  As already noted, any averments of fraud must be made with particularity.

IX.  Request to Set Aside Illegal Trustee Sale and Claim for Wrongful Foreclosure

A plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness.  Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.).  Without pleading tender or the ability to offer tender, a plaintiff cannot seek to set aside a foreclosure sale.  Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (citing Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901)); Smith, 2009 WL 1948829, at *3 (citing Karlsen).

Although he alleges neither tender nor his ability to offer tender, Plaintiff argues that "equity demands that [he] be afforded . . . his day in court."  Opp'n at 2.  This unsubstantiated assertion does not support the exercise of the Court's equitable power.  Accordingly, Plaintiff's claims to set aside the trustee sale and for wrongful foreclosure are dismissed with leave to amend to plead tender or the ability to offer tender.

X.  Quiet Title

To state a claim for quiet title, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title.  Cal. Civ. Proc. Code § 761.020.

United States District Court
For the Northern District of California

17

United States District Court
For the Northern District of California

Plaintiff's property has already been sold and he does not plead tender or the ability to make tender; thus, he does not appear to have a colorable claim to the property.  See, e.g., Kelley v. Mortg. Elec. Registration Sys., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); Agbabiaka v. HSBC Bank USA Nat'l Ass'n, 2010 WL 1609974, at *7 (N.D. Cal.).  He also fails to allege facts suggesting that Select Portfolio has made an adverse claim to the property, the title to which appears to be held by U.S. Bank.  RJN, Ex. E.  Plaintiff does not even plead the date as of which he seeks a quiet title determination.

Accordingly, Plaintiff has not stated an action for quiet title against Select Portfolio.  This claim is dismissed with leave to amend.

XI.   Violations of California Business and Professions Code § 17200

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local law may serve as the basis for a UCL claim.  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994).  In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law."  Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003).

18

United States District Court
For the Northern District of California

Plaintiff pleads the unfair prong of the UCL.[6]   California courts appear to disagree on the definition of an unfair business practice in the context of consumer actions.  Morgan v. AT&T Wireless Svcs., Inc., 177 Cal. App. 4th 1235, 1254 (2009).  Some courts apply the definition set forth by the California Supreme Court in Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., which requires "any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  20 Cal. 4th 163, 186-87 (1999).  However, the Cel-Tech court explicitly stated that this test is limited to actions "by a competitor alleging anticompetitive practices."  Id. at 187 n.12.  Other courts employ an alternative definition in consumer actions, providing that "a practice is unfair if (1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided."  Morgan, 177 Cal. App. 4th at 1254-55 (citation omitted).

Under either standard, Plaintiff has failed to allege unfair business practices.  He has not plead facts to show that consumers or competition were harmed by Select Portfolio's actions or that consumers could not have avoided the harm of which he complains.  Furthermore, he seeks damages for his UCL claim.  See Compl. ¶ 120.

_____

[6] In his opposition, Plaintiff argues that he has also plead under the fraud prong of the UCL.  However, his complaint clearly states that he pleads the unfair prong.  Compl. ¶ 120.  Even if he plead the fraudulent conduct, as noted above, he fails to plead such fraud with particularity.

19

**United States District Court**
For the Northern District of California

1   Damages are not available under the UCL.  <u>Korea Supply Co. v.</u>

2   <u>Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1144 (2003) ("A UCL action

3   is equitable in nature; damages cannot be recovered.").

4        Plaintiff's UCL claim is therefore dismissed with prejudice to

5   the extent that it seeks damages.  Insofar as he seeks restitution,

6   his UCL claim is dismissed with leave to amend to plead facts to

7   show that Select Portfolio engaged in an unfair business practice.

8   XII. Usury

9        The California Constitution provides, "No person, association,

10  copartnership or corporation shall by charging any fee, bonus,

11  commission, discount or other compensation receive from a borrower

12  more than the interest authorized by this section upon any loan or

13  forbearance of any money, goods or things in action."  Cal. Const.

14  art. XV, § 1.  "Under current California law, a loan that charges

15  an interest rate greater than 10 percent per annum is usurious."

16  <u>321 Henderson Receivables Origination LLC v. Sioteco</u>, 173 Cal. App.

17  4th 1059, 1076 (2009) (citation omitted).

18       "The essential elements of usury are: (1) The transaction must

19  be a loan or forbearance; (2) the interest to be paid must exceed

20  the statutory maximum; (3) the loan and interest must be absolutely

21  repayable by the borrower; and (4) the lender must have a willful

22  intent to enter into a usurious transaction."  <u>Ghirardo v.</u>

23  <u>Antonioli</u>, 8 Cal. 4th 791, 798 (1994) (citations omitted).

24       Plaintiff has not plead facts to suggest that Select Portfolio

25  had any role in the initial lending transaction or, even if it were

26  a lender, that it received interest in excess of ten percent.  Even

27  if Plaintiff made such allegations, it does not appear that his

28                                  20

loan falls within the scope of California's usury laws.  The prohibition on usurious transactions does not apply to loans made by real estate brokers.  Cal. Civ. Code § 1916.1.

Accordingly, Plaintiff's claim for usury is dismissed with leave to amend to allege that Select Portfolio was a lender in an unlawful transaction that falls within the scope of California's usury laws.

XIII. Predatory Lending

Plaintiff avers that Select Portfolio engaged in predatory lending in violation of California Financial Code sections 4970-4979.3.  However, Plaintiff has not alleged facts showing that the loan he obtained falls within the scope of California's predatory lending laws.  See Cal. Fin. Code § 4970(b), (d).  He also fails to plead how these laws were violated.  Nor has he alleged facts to show that Select Portfolio, which was not his original lender, could be held liable for predatory lending.  See Cal. Fin. Code § 4979.8 (prohibiting application of predatory lending laws "on an assignee that is a holder in due course").  Accordingly, Plaintiff's predatory lending claim is dismissed with leave to amend to allege facts showing the existence of predatory lending and that Select Portfolio is an entity that could be held liable under these laws.

XIV. Claim for Unfair Debt Collection

Plaintiff pleads that Select Portfolio violated the federal Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. §§ 1692, et seq.; California's Rosenthal Fair Debt Collection Practices Act (RFDCPA); and RESPA.  Plaintiff did not respond to Select

**United States District Court**
For the Northern District of California

Portfolio's argument for dismissal of this claim to the extent it rests on RFDCPA and RESPA.  Accordingly, the Court dismisses this claim with prejudice insofar as it is based on these two statutes.

Plaintiff has not alleged facts showing that Select Portfolio is a "debt collector" subject to the FDCPA.  <u>See generally</u> 15 U.S.C. § 1692a(6).  Further, he has not alleged how Select Portfolio violated the FDCPA.  He contends that Select Portfolio "made false promises to plaintiff" and failed to communicate with him in good faith, but he does not make factual allegations in support of these broad vague claims.  Opp'n at 10.

Accordingly, Plaintiff's claim for unfair debt collection, insofar it is based on the FDCPA, is dismissed with leave to amend to plead facts indicating that Select Portfolio is a "debt collector" that violated the FDCPA.  To the extent that this claim rests on violations of RFDCPA and RESPA, it is dismissed with prejudice.

XV.  Claim for Slander of Title

Plaintiff alleges that Select Portfolio made "false and malicious written and/or spoken public statements disparaging his title" to the Sausalito property.  Compl. ¶ 138.  Although not explicitly stated, the statements of which Plaintiff complains appear to be the publicly recorded notices concerning the foreclosure sale.

Slander of title is "a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage."  <u>Southcott v. Pioneer Title Co.</u>, 203 Cal. App.

United States District Court
For the Northern District of California

1   2d 673, 676 (1962) (citations omitted).

2      Plaintiff's slander of title claim fails because notices filed

3   pursuant to a non-judicial foreclosure action constitute privileged

4   communications.  Cal. Civ. Code § 2924(d).  Plaintiff maintains

5   that the notices were not privileged if "the foreclosure process

6   was achieved through fraud or as the result of fraudulent

7   misrepresentation . . . ."  Opp'n at 10.  However, as already

8   noted, Plaintiff has not adequately plead any fraudulent conduct.

9   Thus, there is no reason to believe that the foreclosure notices

10  were not privileged.

11     Accordingly, Plaintiff's slander of title claim is dismissed.

12  Plaintiff is granted leave to amend to plead facts showing that

13  Select Portfolio disseminated unprivileged, false and malicious

14  communications.

15  XVI. Claim for Invasion of Privacy

16     Plaintiff alleges that Defendants "have engaged in a pattern

17  and practice of misrepresenting themselves as Plaintiff to First

18  Party Lien Holders and making payments on said First Party Liens in

19  Plaintiff's name, fraudulently representing that they were

20  Plaintiff."  Compl. ¶ 140.  However, in his opposition, Plaintiff

21  maintains that these facts were alleged in error and that they

22  "were mistakenly included from a different complaint."  Opp'n at

23  11.  Plaintiff proffered a similar excuse in his opposition to the

24  defendants' motion to dismiss in the Redwood Mortgage Corporation

25  action.  Case No. 10-0479 WHA, Docket No. 18 at 9-10.

26     Because Plaintiff concedes that he has not properly plead his

27  invasion of privacy claim, the Court dismisses it with leave to

28                                  23

1   amend.

2   XVII. Claim for Intentional Infliction of Emotional Distress

3       A claim of intentional infliction of emotional distress

4   requires a plaintiff to plead: "(1) extreme and outrageous conduct

5   by the defendant with the intention of causing, or reckless

6   disregard of the probability of causing, emotional distress;

7   (2) the plaintiff's suffering severe or extreme emotional distress;

8   and (3) actual and proximate causation of the emotional distress by

9   the defendant's outrageous conduct."   Christensen v. Superior

10  Court, 54 Cal. 3d 868, 903 (1991).

11      Plaintiff pleads that Select Portfolio committed "extreme and

12  outrageous conduct" by, among other things, violating the laws

13  discussed above, committing fraud, breaching fiduciary duties and

14  invading his privacy.   However, as already discussed, he has not

15  plead sufficient facts showing that Select Portfolio committed any

16  of these acts.   Without sufficiently pleading "extreme and

17  outrageous conduct," Plaintiff's claim for intentional infliction

18  of emotional distress fails.

19      Accordingly, Plaintiff's claim for intentional infliction of

20  emotional distress is dismissed with leave to amend.

21  XVIII.    Claims for Trespass and Conversion

22      "Trespass is an unlawful interference with possession of

23  property."   Girard v. Ball, 125 Cal. App. 3d 772, 788 (1981).

24  Under California law, a claim for conversion requires a plaintiff

25  to allege (1) "ownership or right to possession of property;" (2) a

26  defendant's wrongful act toward the property, causing interference

27  with the plaintiff's possession; and (3) damage to the plaintiff.

28
                                    24

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil &

2  Shapiro, LLP, 150 Cal. App. 4th 384, 394 (2007).

3       Plaintiff's trespass and conversion claims against Select

4  Portfolio appear to arise from its participation in the non-

5  judicial foreclosure process.  Opp'n at 12.  However, the

6  foreclosure proceeded pursuant to rights granted under the deed of

7  trust.  See, e.g., RJN, Ex. A § 9.  Plaintiff has not plead any

8  facts to show that this process was unlawful.

9       Accordingly, Plaintiff's claims for trespass and conversion

10 are dismissed with leave to amend to plead facts showing an

11 unlawful interference with his property rights.

12                            CONCLUSION

13      For the foregoing reasons, Select Portfolio's Motion to

14 Dismiss is GRANTED.  (Docket No. 4.)  Plaintiffs' claims against

15 Select Portfolio, O'Brien, Miller and Hollingsworth are dismissed

16 as follows:

17      1.   Plaintiff's claims for rescission under HOEPA and TILA

18           are dismissed for lack of subject matter jurisdiction.

19           His claim for damages under these statutes are dismissed

20           with leave to amend.  Plaintiff must allege facts that

21           support equitable tolling of the one-year statute of

22           limitations and that show Select Portfolio is a

23           "creditor" or qualifying assignee that could be held

24           liable under HOEPA and TILA.

25      2.   Plaintiff's RESPA claim is dismissed with leave to amend

26           to plead facts that support equitable tolling of the one-

27           year statute of limitations and that show Select

28                                   25

**United States District Court**
For the Northern District of California

Portfolio rendered a "settlement service" as defined by 12 U.S.C. § 2602(3).

3.    Plaintiff's FCRA claim is dismissed with leave to amend because he fails to plead a factual basis.  Plaintiff must allege facts showing how Select Portfolio negligently violated FCRA.

4.    Plaintiff's fraudulent misrepresentation claim is dismissed with leave to amend because he fails to satisfy the heightened pleading requirements of Rule 9(b). Plaintiff must plead fraud with sufficient specificity.

5.    Plaintiff's claim for breach of fiduciary duty is dismissed with leave to amend to plead facts showing the existence of a fiduciary relationship and a breach thereof.

6.    Plaintiff's claim for unjust enrichment is dismissed with leave to amend to plead facts that would warrant the award of a restitutionary remedy.

7.    Plaintiff's civil conspiracy charge is dismissed with leave to amend to plead a tort on which conspiratorial liability could be based and to plead facts showing the formation and operation of a conspiracy.

8.    Plaintiff's civil RICO claim is dismissed with leave to amend to plead mail and wire fraud with particularity and to allege facts showing a pattern of racketeering activity, the existence of an enterprise, a nexus between the pattern of racketeering activity and the enterprise and an injury to Plaintiff arising from the racketeering

**United States District Court**
For the Northern District of California

conduct.

9.   Plaintiff's claims to "set aside the illegal trustee sales" and wrongful foreclosure are dismissed with leave to amend.  Plaintiff must plead tender or his ability to offer tender.

10.   Plaintiff's quiet title action is dismissed with leave to amend to plead a colorable claim to the Sausalito property, an adverse claim by Select Portfolio and a date as of which he seeks a quiet title determination.

11.   Plaintiff's UCL claim, to the extent he seeks damages, is dismissed with prejudice; damages are not available under the UCL.  Insofar as he seeks restitution, Plaintiff's UCL claim is dismissed with leave to amend.  If he intends to plead the unfair prong, he must adequately allege harm to competition or a harm to consumers that they could not avoid.  If he intends to plead under the fraud prong, he must plead fraudulent conduct with particularity.

12.   Plaintiff's "usury" claim is dismissed with leave to amend.  Plaintiff must plead that Select Portfolio was a lender involved in an unlawful transaction that falls within the scope California's usury laws.

13.   Plaintiff's claim for predatory lending is dismissed with leave to amend to allege facts indicating that Select Portfolio is an entity that could be held liable for predatory lending and that it engaged in such unlawful practices.

27

14. Plaintiff's claim for unfair debt collection, to the extent that it is based on the RFDCPA and RESPA, is dismissed with prejudice; Plaintiff did not respond to Select Portfolio's argument addressing these statutes. Insofar as this claim rests on the FDCPA, it is dismissed with leave to amend.  Plaintiff must plead facts that show Select Portfolio is a "debt collector" that engaged in conduct that violated the FDCPA.

15. Plaintiff's claim for slander of title is dismissed with leave to amend.  Plaintiff must allege unprivileged, false and malicious communications that caused him damage.

16. Plaintiff's claim for invasion of privacy is dismissed with leave to amend.

17. Plaintiff's claim for intentional infliction of emotional distress is dismissed with leave to amend to plead facts that show Select Portfolio engaged in extreme and outrageous conduct.

18. Plaintiff's claims for trespass and conversion are dismissed with leave to amend.  Plaintiff must plead facts that Select Portfolio unlawfully interfered with his property.

Plaintiff is granted leave to amend so long as he can cure the abovementioned defects by truthfully alleging facts that are not inconsistent with those contained in his current complaint.  If he can do so, Plaintiff may file an amended complaint within fourteen days of the date of this Order.  In any amended complaint,

28

United States District Court
For the Northern District of California

Plaintiff must plead against which Defendants he brings each cause of action and what each Defendant did to support relief under each respective cause of action.  Defendants may file a motion to dismiss three weeks thereafter, with Plaintiff's opposition due two weeks following and a reply, if any, due one week after that. Defendants' motion will be taken under submission on the papers.

As noted above, Plaintiff filed a similar pleading in the Bonner v. Redwood Mortgage Corporation action, which was dismissed for reasons similar to those addressed by this Court.  Thus, Plaintiff is on ample notice that his pleadings are not sufficient to state the claims he brings.  Plaintiff, who is apparently an attorney licensed to practice in California, is reminded of his obligations under Federal Rule of Civil Procedure 11.  In particular, he must abide by the prohibition on filing pleadings that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. 11(b)(1).  If he files an amended complaint, Plaintiff's failure to make a good faith effort to comply with Rule 11 will result in the imposition of sanctions and a referral to the State Bar of California.

Within three days of the date of this Order, Plaintiff must provide proof that he has served Defendants Marshall, Encore Credit Corp. and Option One Mortgage Corp.  If he fails to provide such proof, Plaintiff's claims against these Defendants shall be dismissed without prejudice.  If Plaintiff has not served these Defendants and still wishes to do so, he may, within three days of the date of this Order, file a motion for an extension of time to

**United States District Court**
For the Northern District of California

serve these Defendants.  Fed. R. Civ. P. 4(m).  Leave will be granted only if Plaintiff establishes good cause for his failure to serve.

Select Portfolio's second motion to dismiss Plaintiff's complaint is DENIED as moot.  (Docket No. 19.)  The case management conference scheduled for August 3, 2010 is vacated.  Unless this case has been dismissed, a case management conference will be held on October 26, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: July 26, 2010

_____
CLAUDIA WILKEN
United States District Judge